UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD MACK BENNETT,

                    Plaintiff,

v.                                          9:02-CV-1365
                                          (FJS/GHL)
T. HUNTER, Administrative Director of Medical,
Riverview Correctional Facility,

                    Defendant.

_____

APPEARANCES:                            OF COUNSEL:

DONALD MACK BENNETT
Plaintiff, *Pro Se*
Open Arms Men's Shelter
86 East Post Road
White Plains, New York 10603

HON. ELIOT L. SPITZER                  NELSON R. SHEINGOLD, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter has been referred to me for Report and Recommendation by the Honorable

Frederick J. Scullin, Senior U.S. District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule

N.D.N.Y. 72.3(c).  Generally, in this *pro se* civil rights complaint brought under 42 U.S.C. §

1983, Donald Mack Bennett ("Plaintiff"), formerly an inmate at the Riverview Correctional

Facility ("Riverview C.F."), alleges that the Administrative Director of the Medical Department

at Riverview C.F., Thomas B. Hunter ("Defendant"), violated Plaintiff's rights under the First,

Eighth and Fourteenth Amendments to the United States Constitution when, between July and December of 2000, he was deliberately indifferent to Plaintiff's serious medical needs (which included a heart condition known as "atrial fibrillation," a seizure disorder, a disc problem in his back known as "spondylolisthesis," and a pinched nerve in his right wrist).  (Dkt. No. 29 [Plf.'s Second Am. Compl.].)

Currently before the Court is Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56.  (Dkt. No. 59.)  Generally, Defendant's motion raises three issues: (1) whether Plaintiff has failed to establish the elements for a claim of deliberate indifference to a serious medical need; (2) whether Plaintiff has failed to establish any personal involvement by Defendant in the alleged constitutional deprivations, and (3) whether Defendant is protected by qualified immunity.  (Dkt. No. 59 [Def.'s Mem. of Law].)  For the reasons discussed below, I answer each of these questions in the affirmative.  As a result, I recommend that Defendant's motion be granted.

## I.    SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(c), summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material[1] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *Schwapp v. Town of Avon*, 118 F.3d 106, 110

---

[1]        A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).

2

(2d Cir. 1997) (citation omitted); *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) (citation omitted).  However, when the moving party has met its initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

To "specifically controvert[]" each of the statements of material fact in a defendant's Rule 7.1(a)(3) Statement of Material Facts, a plaintiff must file a *response* to the Statement of Material Facts that "mirror[s] the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs" *and* that "set[s] forth a specific citation to the record where the factual issue arises."[2]

"If the adverse party does not so respond, summary judgment, *if appropriate*, shall be

---

[2]     N.D.N.Y. L.R. 7.1(a)(3); *see*, *e.g.*, *Jones v. Smithkline Beecham Corp.*, 309 F. Supp.2d 343, 346 (N.D.N.Y. 2004) (McAvoy, J.) ("[W]here Plaintiff has failed to provide specific references to the record in support of her denials or has otherwise failed to completely deny Defendant's assertions of fact, those assertions will be taken as true."); *Lee v. Alfonso*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *15 (N.D.N.Y. Feb. 10, 2004) (Scullin, C.J.) ("Plaintiff does not offer any facts to support his claims that would raise an issue of fact.  Nor has he overcome his failure to respond to Defendants' Rule 7.1(a)(3) Statement.  Therefore, Defendants' version of the facts remains uncontroverted."); *Margan v. Niles*, 250 F. Supp.2d 63, 67 (N.D.N.Y. 2003) (Hurd, J.) ("Plaintiff's Rule 7.1(a)(3) statement, which contains numerous denials, does not contain a single citation to the record.  Because plaintiff's response Rule 7.1(a)(3) statement does not comply with the local rules, it has not been considered."); *Mehlenbacher v. Slafrad*, 99-CV-2127, 2003 U.S. Dist. LEXIS 9248, at *4 (N.D.N.Y. June 4, 2003) (Sharpe, M.J.) ("Since [the plaintiff] has failed to respond to the defendant's statements of material fact, the facts as set forth in the defendants' Rule 7.1 Statement . . . are accepted as true."); *Adams v. N.Y. State Thruway Auth.*, 97-CV-1909, 2001 U.S. Dist. LEXIS 3206, at *2, n.1 (N.D.N.Y. March 22, 2001) (Mordue, J.) ("[T]o the extent plaintiff's responses violate Local Rule 7.1, and are not properly admitted or denied, the Court will deem defendant's statement of fact admitted by plaintiff."); *see also Holtz v. Rockefeller*, 258 F.3d 62, 74 (2d Cir. 2001) ("[A] Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.").

entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). "The fact that there

has been no response to a summary judgment motion does not, of course, mean that the motion is

to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). "Such a

motion may properly be granted only if the facts as to which there is no genuine dispute 'show

that . . . the moving party is entitled to a judgment as a matter of law.'" *Champion*, 76 F.3d at

486 (quoting Fed. R. Civ. P. 56[c]).[3] Therefore, the Court must review the merits of the motion.

*Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001).

Where a plaintiff has failed to respond to a defendant's Rule 7.1 Statement of Material

Fact, the facts as set forth in that Rule 7.1 Statement are accepted as true to the extent those facts

are supported by the record.[4] A district court has no duty to perform an independent review of

---

[3]       Local Rule 7.1(b)(3) recognizes this requirement (that the motion have merit)
when it provides that "the non-moving party's failure to file or serve . . . [opposition] papers . . .
shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown,"
only where the motion has been "properly filed" and "the Court determines that the moving party
has met its burden to demonstrate entitlement to the relief requested therein." N.D.N.Y. L.R.
7.1(b)(3).

[4]       *See* N.D.N.Y. L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material
Facts shall be deemed admitted unless specifically controverted by the opposing party.")
[emphasis in original]; *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243-
245 (2d Cir. 2004) ("If the evidence submitted in support of the motion for summary judgment
motion does not meet the movant's burden of production, then summary judgment must be
denied even if no opposing evidentiary matter is presented. . . . [I]n determining whether the
moving party has met this burden . . . , the district court may not rely solely on the statement of
undisputed material facts contained in the moving party's Rule 56.1 statement. It must be
satisfied that the citation to evidence in the record supports the assertion.") [citation omitted];
*see, e.g., Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.)
("In this case, [the plaintiff] did not file a statement of undisputed facts in compliance with Local
Rule 7.1(a)(3). Consequently, the court will accept the *properly supported* facts contained in the
defendants' 7.1 statement.") [emphasis added].

the record to find proof of a factual dispute.[5]  In the event the district court chooses to conduct

such an independent review of the record, any verified complaint filed by the plaintiff should be

treated as an affidavit.[6]  I note that, here, while Plaintiff's Second Amended Complaint

("Complaint") is *not* verified, he has submitted what purports to be an "affidavit" in opposition

to Defendant's motion.  (Dkt. Nos. 29, 72.)

However, to be sufficient to create a factual issue, an affidavit (or verified complaint)

must, among other things, be based "on personal knowledge."[7]  An affidavit (or verified

complaint) is not based on personal knowledge if, for example, it is based on mere "information

---

[5]      *See Amnesty Am. v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002)
("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an
obligation on a district court to perform an independent review of the record to find proof of a
factual dispute.") (citations omitted); *accord, Lee v. Alfonso*, No. 04-1921, 2004 U.S. App.
LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-
13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v.
Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy,
J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295
(N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v.
Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[6]      *See Patterson v. County of Oneida*, 375 F.2d 206, 219 (2d. Cir. 2004) ("[A]
verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary
judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff
"was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert.
denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified
complaint is to be treated as an affidavit for summary judgment purposes.") [citations omitted];
Fed. R. Civ. P. 56(c) ("The judgment sought shall be rendered forthwith if the . . . affidavits . . .
show that there is no genuine issue as to any material fact . . . .").

[7]      Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on
personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show
affirmatively that the affiant is competent to the matters stated therein."); *see also U.S. v. Private
Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995) [citations
omitted], *cert. denied sub nom*, *Ferrante v. U.S.*, 516 U.S. 806 (1995).

and belief" or hearsay.[8]  In addition, such an affidavit (or verified complaint) must not be

conclusory.[9]  An affidavit (or verified complaint) is conclusory if, for example, its assertions lack

any supporting evidence or are too general.[10]  Moreover, "[a]n affidavit must not present legal

---

[8]      *See Patterson*, 375 F.3d at 219 ("[Rule 56(e)'s] requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'. . . [Furthermore, the Rule's] requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavits also means that the affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial."); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("[Defendant's] affidavit states that it is based on personal knowledge *or* upon information and belief . . . .  Because there is no way to ascertain which portions of [Defendant's] affidavit were based on personal knowledge, as opposed to information and belief, the affidavit is insufficient under Rule 56 to support the motion for summary judgment."); *Applegate v. Top Assoc., Inc.*, 425 F.2d 92, 97 (2d Cir. 1970) (rejecting affidavit made on "suspicion . . . rumor and hearsay"); *Spence v. Maryland Cas. Co.*, 803 F. Supp. 649, 664 (W.D.N.Y. 1992) (rejecting affidavit made on "secondhand information and hearsay"), *aff'd*, 995 F. 2d 1147 (2d Cir. 1993).

[9]      *See* Fed. R. Civ. P. 56(e) (requiring that non-movant "set forth specific facts showing that there is a genuine issue for trial"); *Patterson*, 375 F.3d at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted]; *Applegate*, 425 F.2d at 97 (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings").

[10]     *See, e.g.*, *Bickerstaff v. Vassar Oil*, 196 F.3d 435, 452 (2d Cir. 1998) (McAvoy, C.J., sitting by designation) ("Statements [for example, those made in affidavits, deposition testimony or trial testimony] that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment.") [citations omitted]; *West-Fair Elec. Contractors v. Aetna Cas. & Sur.*, 78 F.3d 61, 63 (2d Cir. 1996) (rejecting affidavit's conclusory statements that, in essence, asserted merely that there was a dispute between the parties over the amount owed to the plaintiff under a contract); *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985) (plaintiff's allegation that she "heard disparaging remarks about Jews, but, of course, don't ask me to pinpoint people, times or places. . . .  It's all around us" was conclusory and thus insufficient to satisfy the requirements of Rule 56[e]), *cert. denied*, 474 U.S. 829 (1985); *Applegate*, 425 F.2d at 97 ("[Plaintiff] has provided the court [through his affidavit] with the characters and plot line for a novel of intrigue rather than the concrete particulars which would entitle him to a trial.").

arguments."[11]

Finally, even where an affidavit (or verified complaint) is based on personal knowledge and is nonconclusory, it may be insufficient to create a factual issue where it is (1) "largely unsubstantiated by any other direct evidence" and (2) "so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in the complaint."[12]

## II.   ANALYSIS

Before I analyze each of the three issues presented by Defendant in his motion, I would like to make a general observation.  In support of each of his arguments, Defendant relies on certain record citations and legal citations.  I find that these citations indeed support Defendant's

---

[11]      N.D.N.Y. L.R. 7.1(a)(2).

[12]      *See*, *e.g.*, *Jeffreys v. City of New York*, 426 F.3d 549, 554-555 (2d Cir. 2005) (affirming grant of summary judgment to defendants in part because plaintiff's testimony about an alleged assault by police officers was "largely unsubstantiated by any other direct evidence" and was "so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in the complaint") [citations and internal quotations omitted]; *Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir. 1986) (affirming grant of summary judgment to defendants in part because plaintiffs' deposition testimony regarding an alleged defect in a camera product line was, although specific, "unsupported by documentary or other concrete evidence" and thus "simply not enough to create a genuine issue of fact in light of the evidence to the contrary"); *Allah v. Greiner*, 03-CV-3789, 2006 WL 357824, at *3-4 & n.7, 14, 16, 21 (S.D.N.Y. Feb. 15, 2006) (prisoner's verified complaint, which recounted specific statements by defendants that they were violating his rights, was conclusory and discredited by the evidence, and therefore insufficient to create issue of fact with regard to all but one of prisoner's claims, although verified complaint was sufficient to create issue of fact with regard to prisoner's claim of retaliation against one defendant because retaliatory act occurred on same day as plaintiff's grievance against that defendant, whose testimony was internally inconsistent and in conflict with other evidence); *Olle v. Columbia Univ.*, 332 F. Supp.2d 599, 612 (S.D.N.Y. 2004) (plaintiff's deposition testimony was insufficient evidence to oppose defendants' motion for summary judgment where that testimony recounted specific allegedly sexist remarks that "were either unsupported by admissible evidence or benign"), *aff'd*, 136 Fed. Appx. 383 (2d Cir. 2005) (unreported decision).

arguments.  My resulting conclusion that Defendant's motion has merit is not rebutted by

Plaintiff's opposition papers.  His papers are woefully deficient, despite the fact that he was twice

warned of the potential consequences of failing to properly respond to Defendant's motion, and

was granted numerous extensions of time in which to do so.[13]

Specifically, because Plaintiff fails to include in his opposition papers a Rule 7.1

Response which specifically controverts Defendant's factual assertions in matching numbered

paragraphs with specific citations to the record, Defendant's factual assertions in his Rule 7.1

Statement are deemed admitted by Plaintiff.[14]  In addition, because in his opposition papers

Plaintiff fails to address the legal arguments advanced by Defendant, Plaintiff is deemed to have

consented to the granting of Defendant's motion based on those legal arguments.[15]

---

[13]        (Dkt. Nos. 59, 63, 67, 70.)

[14]        N.D.N.Y. L.R. 7.1(a)(3).

[15]        N.D.N.Y. L. R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the
Court determines that the moving party has met its burden to demonstrate entitlement to the
relief requested therein, the non-moving party's failure to file or serve any papers as this Rule
requires shall be deemed as consent to the granting or denial of the motion, as the case may be,
unless good cause is shown."); N.D.N.Y. L.R. 7.1(a) (requiring opposition to motion for
summary judgment to contain, *inter alia*, a memorandum of law); *Beers v. GMC*, 97-CV-0482,
1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming
plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their
motion for summary judgment as consent by plaintiff to the granting of summary judgment for
defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]); *cf.*
Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided
in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse
party's pleading, but the adverse party's *response* . . . must set forth specific facts showing that
there is a genuine issue for trial.  If the adverse party does not so *respond*, summary judgment, if
appropriate, shall be entered against the adverse party.") [emphasis added].

### A.   Whether Plaintiff Has Failed to Establish the Elements for a Claim of Deliberate Indifference to a Serious Medical Need

Defendant recites the correct legal standard that governs Plaintiff's claim of inadequate medical care under the Eighth Amendment.  (Dkt. No. 59, Mem. of Law at 9-12.)  Generally, to prevail on such a claim, Plaintiff must show two things: (1) that Plaintiff had a sufficiently serious medical need; and (2) that Defendant was deliberately indifferent to that serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

### 1.   Serious Medical Need

Defendant acknowledges, and the record establishes, that, during some or all of the time in question, Plaintiff had a heart condition (atrial fibrillation),[16] a seizure disorder,[17] a disc problem in his lower back (spondylolysis),[18] a pinched nerve in his right wrist,[19] and callouses on his feet.[20]  However, Defendant argues that, while some of these health conditions may have constituted "serious medical needs" (e.g., Plaintiff's heart condition, his seizure disorder, etc.), other of these health conditions did not constitute "serious medical needs" (e.g., any callouses on

---

[16]     (*See*, *e.g.*, Dkt. No. 59, Def.'s Rule 7.1 Statement, ¶ 4; Dkt. No. 59, Appendix to Def.'s Rule 7.1 Statement, Ex. D-2 at 589, 590-594, 639-642, 653, 678-679, 683.)

[17]     (*See*, *e.g.*, Dkt. No. 59, Def.'s Rule 7.1 Statement, ¶ 4; Dkt. No. 59, Appendix to Def.'s Rule 7.1 Statement, Ex. D-2 at 591, 594, 639.)

[18]     (*See*, *e.g.*, Dkt. No. 59, Def.'s Rule 7.1 Statement, ¶ 5; Dkt. No. 59, Appendix to Def.'s Rule 7.1 Statement, Ex. D-2 at 95, 536.)

[19]     (*See*, *e.g.*, Dkt. No. 59, Def.'s Rule 7.1 Statement, ¶ 6; Dkt. No. 59, Appendix to Def.'s Rule 7.1 Statement, Ex. D-2 at Dkt. 536.)

[20]     (*See*, *e.g.*, Dkt. No. 59, Def.'s Rule 7.1 Statement, ¶ 12; Dkt. No. 59, Appendix to Def.'s Rule 7.1 Statement, Ex. D-2 at 6.)

his foot, etc.).[21]

Setting aside the fact that I can find no reference to any foot calluses in Plaintiff's

Amended Complaint,[22] I am persuaded by Defendant's argument.  Depending on the precise

nature of the disease, generally a heart condition, a seizure disorder, and a disc problem in one's

back are "serious medical needs,"[23] while a pinched nerve in one's wrist, and calluses on one's

feet are not "serious medical needs."[24]

---

[21]    (Dkt. No. 59, Mem. of Law at 9-10.)

[22]    Rather, Plaintiff's claim that he had foot calluses that constituted a "serious medical condition" appears to have been asserted in an administrative grievance filed by Plaintiff on January 2, 2001.  (*Compare* Dkt. No. 29 *with* Dkt. No. 59, Appendix to Def.'s Rule 7.1 Statement, Ex. D-2.)

[23]    *See Mejia v. Goord*, 03-CV-0124, 2005 WL 2179422, at *7 (N.D.N.Y. Aug. 16, 2005) (Peebles, M.J.) ("The record in this case is strongly suggestive of a coronary condition which, though medically unspecified, could qualify as a serious medical need."); *Boomer v. Lanigan*, 00-CV-5540, 2001 WL 1646725, at *3 (S.D.N.Y. March 31, 1999) ("Epilepsy, or an epileptic seizure, is a serious medical injury."); *Williams v. M.C.C. Institution*, 97-CV-5352, 1999 WL 179604, at *10 (S.D.N.Y. March 31, 1999) ("There can be no question that epilepsy, and in particular an epileptic fit that runs unchecked, is a serious medical condition, even if for a half-hour.") [citation omitted]; *Veloz v. State of New York*, 339 F. Supp. 2d 505, 522-524 (S.D.N.Y. 2004) (spinal condition that included spondylosis was a serious medical need); *Faraday v. Lantz*, 03-CV-1520, 2005 WL 3465846, at *5 (D. Conn. Dec. 12, 2005) ("persistent[] . . . back pain caused by herniated, migrating discs [and] sciatica" was a serious medical need).

[24]    *See Dixon v. Nusholtz*, No. 98-1637, 1999 U.S. App. LEXIS 13318, at *1, 5 (6th Cir. 1999) (foot calluses that required orthopedic shoes were not a "grave medical need"); *Jackson v. O'Leary*, 89-CV-7139, 1990 U.S. Dist. LEXIS 17249, at *2, 4 (1990) (N.D. Ill. Dec. 17, 1990) ("[Plaintiff's] medical problem [of having calluses on his feet which allegedly required him to be able to wear gym shoes] is not one of especially grave concern."); *Green v. Senkowski*, 99-CV-1523, Decision & Order at 6-7 (N.D.N.Y. Aug. 5, 2003) (Hood, J.) (granting defendants' motion for summary judgment because, in part, plaintiff's wrist pain was not a "serious medical need"), *aff'd*, No. 03-250, 2004 U.S. App. LEXIS 11454 (2d Cir. June 10, 2004) (unpublished opinion); *Warren v. Purcell*, 03-CV-8736, 2004 U.S. Dist. LEXIS 17792, at *26 (S.D.N.Y. Sept. 3, 2004) ("[I]t appears highly unlikely that the injuries plaintiff alleges to have suffered . . . namely pain in his wrists and pain, numbness and swelling in his foot and ankle, would be considered sufficiently serious to rise to the level of an Eighth Amendment

As a result, for purposes of summary judgment, I find that Plaintiff has established a serious medical need only with regard to his heart condition, seizure disorder, and back problem (but not with regard to his wrist pain and calloused feet). However, I note that, even if I were to consider all of Plaintiff's health problems *together* as constituting one "serious medical need" over the entire relevant time period, it would not change my ultimate recommendation in this report, for the reasons stated below

### 2. Deliberate Indifference

Defendant asserts, and the record establishes, that Riverview C.F. provided a considerable amount of medical care to Plaintiff during his incarceration there.[25] Generally, Riverview C.F. (1) responded to Plaintiff's medical requests by examining and treating him (e.g., through the prescription of more than six medications, and the administration of "foot soaks," etc.), (2) investigated his complaints, and (3) kept comprehensive and detailed records regarding Plaintiff's various health problems and complaints.

Based on this evidence, Defendant argues that (1) Plaintiff was receiving more than adequate care for his various health problems at Riverview C.F., and (2) even if he was not receiving adequate care for some of those health problems, absolutely no evidence exists suggesting that Defendant was deliberately indifferent to those health problems (whether they constituted "serious medical needs" or not).[26]

---

violation.").

[25]      (Dkt. No. 59, Def.'s Rule 7.1 Statement, ¶¶ 4, 5, 6, 12, 13, 14, 15, 16, 17, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30; *see generally* Dkt. No. 59, Appendix to Def.'s Rule 7.1 Statement.)

[26]      (Dkt. No. 59, Mem. of Law, at 10-12.)

I agree with Defendant, for the reasons stated in his Memorandum of Law.  Simply stated, there is no evidence that Defendant's state of mind was equivalent to the sort of *criminal recklessness* necessary for liability under the Eighth Amendment.[27]  At most, the evidence indicates there may have been a difference of opinion between the medical staff at Riverview C.F. and Plaintiff, or *conceivably* a hint of negligence on the part of someone on the medical staff at Riverview C.F.  However, even if true, neither of those facts implicate Defendant or (if they did implicate Defendant) would be enough to make Defendant liable to Plaintiff under the Eighth Amendment.[28]

As a result, I find that Plaintiff has not established that Defendant acted with deliberate indifference to any of Plaintiff's various health conditions, including his heart condition, seizure disorder, and back problem.

---

[27]     *See Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) ("The required state of mind [under the Eighth Amendment is] equivalent to criminal recklessness . . . .").

[28]     *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *see*, *e.g.*, *Veloz v. New York*, 339 F. Supp. 2d 505, 522-24 (S.D.N.Y. 2004) (granting defendants' motion for summary judgment on plaintiff's claim for deliberate indifference because defendants denied plaintiff's request for a stronger pain medication to treat his back condition based on a mere disagreement as to treatment, and medical malpractice is not actionable under the Eighth Amendment); *Connors v. Heywright*, 02-CV-9988, 2003 WL 21087886, at *3 (S.D.N.Y. May 12, 2002) (granting defendants' motion to dismiss because plaintiff's allegations that defendants forgot to give him his medications, altered his medications, and did not give him his monthly examinations, despite his epileptic seizures, failed to state a claim for deliberate indifference but stated a claim only for negligence).

**B.     Whether Plaintiff Has Failed to Establish any Personal Involvement by Defendant in the Alleged Constitutional Deprivation**

A defendant's personal involvement in the alleged unlawful conduct is a prerequisite for a finding of liability in an action under 42 U.S.C. § 1983. *See Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978). To prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show some tangible connection between the alleged unlawful conduct and the defendant. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). If the defendant is a supervisory official a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

Rather, for a supervisory official to be personally involved in unlawful conduct, he or she must have (1) directly participated in that violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Richardson*, 347 F.3d at 435; *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright*, 21 F.3d at 501; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, even after conducting an independent review of the record, I can find no evidence of any such personal involvement by Defendant in the alleged unlawful conduct (which primarily

13

consisted of Nurse Holden's dispensing the wrong medication to Plaintiff). Plaintiff has not established (or even alleged) that Defendant directly participated in Nurse Holden's (alleged) misconduct.[29] Nor has Plaintiff established (or even alleged) the existence of a policy or custom under which Nurse Holden's (alleged) misconduct occurred.

Rather, liberally construed, Plaintiff's sole theories of personal involvement appear to be that (1) Defendant knew of various of Plaintiff's complaints about Nurse Holden before and during the misconduct, but negligently failed to act on those complaints, and (2) Defendant failed to remedy Nurse Holden's misconduct (and indeed sought to cover it up) after learning of it through Plaintiff's complaints. (Dkt. No. 29, ¶¶ VII, VIII, IX.) The problem with these theories of personal involvement is that they are completely devoid of any evidentiary support in the record.

At most, the record shows that Defendant supervised Nurse Holden (a part-time employee), and dutifully investigated Plaintiff's *sole* complaint about Nurse Holden, which was contained in Grievance No. RV-5422-01 (filed on January 2, 2001). In pertinent part, Plaintiff's grievance alleged that (1) on December 25, 2000, Nurse Holden gave Plaintiff the wrong liquid in which to soak his feet, making his calloused feet uncomfortable, and (2) on August 27, 2000, Nurse Holden failed to give Plaintiff a new pill after dropping that pill on the floor, and improperly took his pulse.

I can find no evidence in the record that Plaintiff made any complaints to Defendant about Nurse Holden before August 27, 2000, or even before December 25, 2000 (such that

---

[29] For example, in his opposition papers, Plaintiff acknowledges that "Defendant Hunter was not present for the pill incident." (Dkt. No. 72, ¶ 6.)

Defendant could possibly be said to have been "grossly negligent" or "deliberately indifferent" for failing to act on those complaints before the dates of the alleged misconduct in question). Indeed, he had arrived at Riverview C.F. only in July of 2000.  Nor do I have any reason to believe that, if there existed any such complaints, they would have been sufficient to put Defendant on notice of the potential for misconduct by Nurse Holden, given Plaintiff's prolix and confusing use of language.[30]

The crux of Plaintiff's theory of personal involvement appears to be that Defendant failed to *remedy* Nurse Holden's misconduct during the "foot soak," dropped pill, and pulse reading. Setting aside the issue of whether any discipline of Nurse Holden would even be warranted for such "misconduct," the fact remains that Plaintiff wanted a remedy other than discipline of Nurse Holden.[31]  Rather, Plaintiff wanted Defendant to somehow undo the (alleged) results of Nurse Holden's misconduct, namely the worsening of Plaintiff's medical conditions, which (allegedly) included having his heart condition, seizure disorder and back problem "upgraded."  I do not understand this extraordinary feat of medicine (bordering on a supernatural act) to be the sort of "remedy" referred to in the above-described personal involvement test for supervisors.

All that was required of Defendant, under the circumstances, was what he did.  He investigated Plaintiff's grievance (reviewing his medical records, and talking to both Plaintiff and Nurse Holden), and determined Plaintiff's complaints about Nurse Holden to be without merit. Even if Defendant's determination had been incorrect, there is no evidence that Nurse Holden's

---

[30]        (*See*, *e.g.*, Dkt. No. 29; Dkt. No. 59, Appendix to Def.'s Rule 7.1 Statement, Ex. D-2 [attaching Plaintiff's Grievance No. RV-5422-01].)

[31]        (*See* Dkt. No. 29, ¶ IX [complaining that Defendant merely informed Plaintiff that Nurse Holden "will either be suspended or fired"].)

misconduct (if it indeed occurred) constituted a violation of Plaintiff's constitutional rights (i.e.,

that it occurred during the treatment of a serious medical need, and that it resulted from anything

more than negligence by Nurse Holden).  This absence of evidence is especially noteworthy,

considering that Plaintiff was provided the opportunity to obtain such evidence during this

action's discovery period, which closed long ago.[32]  Under analogous circumstances, other

district courts within the Second Circuit have refused to find personal involvement by a nurse

supervisor.[33]

_____

[32]      (*See* Dkt. No. 39 at 1 [Scheduled Order of 6/22/04, setting discovery deadline as 10/30/04].)

[33]      *See, e.g., Gates v. Goord*, 99-CV-1378, 2004 U.S. Dist. LEXIS 12299, at *32-35 (S.D.N.Y. July 1, 2004) (granting summary judgment to nurse supervisor, because–despite inmate's conclusory allegations that nurse supervisor was "repeatedly notified" of inmate's allegedly inadequate medical care but refused to take appropriate action–inmate had offered no facts showing personal involvement by nurse supervisor in any constitutional violation, and discovery was closed); *Patterson v. Lilley*, 02-CV-6056, 2003 U.S. Dist. LEXIS 11097, at *19-22 (S.D.N.Y. June 30, 2003) (granting motion to dismiss filed by nurse administrator, because fact that inmate sent complaint letter to nurse administrator about subordinate nurse's allegedly inadequate medical care was not sufficient to personally involve nurse administrator in alleged misconduct, especially where no facts indicated any constitutional deprivation); *Gadson v. Goord*, 96-CV-7544, 2000 U.S. Dist. LEXIS 3944, at *20-21 (S.D.N.Y. March 28, 2000) (granting summary judgment to nurse supervisor, because no evidence existed showing he was personally involved in physical therapist's alleged denial of adequate wheel chair, even though he attended meetings at which issue of wheel chair was discussed, and because no evidence existed that alleged misconduct constituted a constitutional deprivation); *Rosales v. Coughlin*, 10 F. Supp.2d 261, 267 (W.D.N.Y. 1998) (granting summary judgment to nurse supervisor because of lack of personal involvement, where record did not include any evidence that nurse supervisor failed to take appropriate action in response to inmate's complaints of inadequate medical care); *Muhammad v. Francis*, 94-CV-2244, 1996 U.S. Dist. LEXIS 16785, at *25 (S.D.N.Y. Nov. 13, 1996) (granting summary judgment to nurse supervisor because of lack of personal involvement, where evidence showed merely that nurse supervisor had been contacted during investigation of inmate's grievance complaint regarding his medical care); *Holmes v. Fell*, 856 F. Supp. 181, 183-184 (S.D.N.Y. 1994) (granting summary judgment to nurse supervisor because of lack of personal involvement in subordinate nurse's allegedly inadequate medical care of inmate, and because of lack of any evidence that the allegedly inadequate medical care constituted a constitutional violation).

As a result, I find that, even if Plaintiff had established the elements of a claim for deliberate indifference to a serious medical need, Plaintiff has not established that Defendant was personally involved in any constitutional deprivation.

**C.     Whether Defendant Is Protected by Qualified Immunity**

Finally, Defendant argues that he is entitled to dismissal because he is protected by qualified immunity.  Regardless of the merits of this defense, I have already concluded that Plaintiff's Amended Complaint should be dismissed on two alternative grounds (failure to establish the elements of an Eighth Amendment claim, and failure to establish the personal involvement of Defendant in any constitutional deprivation).  As I result, I need not address this issue.  However, in the interest of thoroughness, I will do so briefly.

Defendant recites the correct legal standard with regard to the qualified immunity defense.  (Dkt. No. 59, Mem. of Law at 14-16.)  Generally, Defendant has established facts showing that (1) his investigation of Plaintiff's January 2, 2001, grievance was reasonably conducted, and (2) as a result of that investigation, he found no evidence that Nurse Holden had been deliberately indifferent to any of Plaintiff's medical needs (whether those needs were serious or not).  Under the circumstances, I can find no violation of a "clearly established" right, much less a right of which a reasonable person would have known.

As a result, I find that Defendant is entitled to qualified immunity.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion for summary judgment (Dkt. No. 59) be **<u>GRANTED</u>**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Svcs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 31, 2006
      Syracuse, New York

George H. Lowe
United States Magistrate Judge

18